### 29604. NEW v. THE STATE.

Decided October 3, 1942.

*James R. Venable, Frank A. Bowers,* for plaintiff in error.

*John A. Boykin, solicitor-general, Durwood T. Pye, Quincy O. Arnold,* contra.

BROYLES, C. J. The accused was convicted of an assault with intent to murder. His motion for new trial was overruled, and that ruling is assigned as error. The general grounds of the motion are expressly abandoned in the brief of counsel for the plaintiff in error. The special grounds allege error in the admission of evidence showing that on two other occasions the defendant robbed other persons, the objections to the evidence being that those offenses had not been alleged in the indictment, and that there was no connection between the offenses of robbery and the offense of assault with intent to murder. The first objection is without merit. In order for the State to introduce evidence of similar offenses it is not necessary that such offenses be charged in the indictment. As to the other objection, whether there was any kindred connection between the assault for which the accused was on trial and the robberies which he was alleged to have committed on other occasions depends upon the facts of those crimes. The evidence shows that a Mr. Roper was assaulted and shot by a man with a gun, who apparently limped when he walked, and whom Roper identified as the defendant. The evidence shows no motive for the assault and shooting, but it is inferable from Roper's undisputed testimony that the motive was probably robbery. The evidence in reference to the two robbery offenses was that the robber limped and that he committed the robberies at the point of a gun and that the robber was the accused. The evidence further showed that the three transactions occurred in Atlanta, Fulton County; that the assault with intent to murder was committed on April 8, 1941; and that one robbery occurred on June 22, 1941, and the other robbery on August 1, 1941. We think the evidence as to the other offenses was admissible on the question of the identity of the defendant, and to prove his motive and intent in shooting Roper—the person whom the indictment charged had been shot and assaulted by the defendant with the intent to murder. The denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*